( Of the Sixth Circuit sitting in Hamilton county.)

### FRANK FOX v. WUNKER & REHSTEINER.

1. FAILURE OF CONTRACTOR TO CONTEST PRECLUDES DEFENSE.

 Failure of a contractor to proceed within the statutory time to contest a mechanic's lien obtained against him, precludes the defense, at a later date, that the fund arose from other material.

2. SOD IS MATERIAL.

 Sod furnished for a public park is material that can be protected by lien.

ERROR to the Court of Common Pleas of Hamilton county.

KING, J.

Wunker & Rehsteiner furnished six acres of sod, at an agreed price of $65 per acre, to A. Yaeger, a city contractor, for grading, etc., in Eden Park. The sum of $160 remaining due to them from Yaeger, the plaintiffs filed with the board of administration an itemized statement of their account with Yaeger, with all credits thereon, and at the same time filed a sworn copy of said account with the county recorder. Yaeger filed with the board an affidavit disputing said account, but did not comply with the provisions of law for arbitrating said claim or adjusting it by a suit in court. Some weeks later he assigned his claim to the present plaintiff, who answered, in the suit by the sod men against the city for recovery of the amount due them, that the lien obtained by them included money due to Yaeger for material furnished under other contracts and in other places than Eden Park, which had no connection with the creation of the fund attempted to be held herein. The court below sustained the lien of the firm furnishing the sod.

Held—1. That plaintiff in error, as assignee of one Yaeger, a contractor, acquired by assignment and had only such rights as Yaeger, the assignor, had at the time of the assignment. That by the statute on mechanic's liens Yaeger was precluded from disputing the amount or validity of Wunker & Rhesteiner's lien and claim by his failure to proceed under the statute, secs. 3199 and 3200, to contest it, hence his assignee Fox, is precluded here from contesting it.

2. Sod furnished to a public park is material furnished for " the construction, improvement or repair of a * * * public improvement," within the meaning of see. 3193, Rev. Stat.

Wherefore the court of common pleas did not err in its judgments on the several demurrers filed in that court, and the judgment is affirmed.

*Symmes & Fox*, for plaintiff in error.

*Goebel & Bettinger*, for the material men.